IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE CALDERON-CANAS, | ) | |
| ID # 47523-177, | ) | |
|     Movant, | ) | |
| vs. | ) | No. 3:13-CR-466-M(5)-BH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By an order of referral dated October 16, 2018 (doc. 384), before the Court is the defendant's *Motion to Reduce Sentence under Residual Clause of the Armed Career and Career Offender under 18 U.S.C. § 3582(c)*, received on May 24, 2016 (doc. 371). Based on the relevant findings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

Defendant Jorge Calderon-Canas (Movant) pleaded guilty to one count of conspiracy to distribute a schedule II controlled substance in violation of 21 U.S.C. § 846, and was sentenced to 156 months' imprisonment. (*See* doc. 335.) Citing 18 U.S.C. § 3582(c), he seeks a sentence reduction based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).

### II. ANALYSIS

Section 3582(c) provides that a district court may modify a term of imprisonment after it has been imposed under limited circumstances. A modification is authorized when expressly permitted by statute under § 3582(c)(1)(B); when the Director of the Bureau of Prisons moves for a reduction of sentence for reasons set out in § 3582(c)(1)(A); when correcting a sentence that resulted from arithmetical, technical, or other clear error if corrected timely after sentencing under § 3582(c)(1)(B) and Fed. R. Crim. P. 35(a); when the government moves for a reduction under § 3582(c)(1)(B) and

Rule 35(b); and under § 3582(c)(2), when there has been a retroactive lowering of the sentencing range by the Sentencing Commission. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

In *Johnson*, the United States Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. 135 S. Ct. at 2563.[1] *Johnson* does not provide a basis for a sentence reduction or modification under § 3582(c). *See United States v. Maxwell*, 676 F. App'x 337, 338 (5th Cir. 2017).[2] Movant has not alleged an authorized basis for modification of his sentence.

### III.  RECOMMENDATION

The motion, liberally construed as a motion for modification of sentence under 18 U.S.C. § 3582(c), should be **DENIED**.

**SIGNED on this 13th day of November, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] This holding is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

[2] Defendant has filed a motion challenging his sentence under 28 U.S.C. § 2255, which is currently pending in Case No. 3:16-CV-1764-M.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

                                                                             IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE