IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  Plaintiff,  )  <br>  )  <br> vs.  )  <br>  )  <br> JORGE CALDERON-CANAS,  )  <br>  Defendant.  )  | No. 3:13-CR-466-M(5)-BH  <br>  <br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of January 9, 2019 (doc. 388), before the Court is the defendant's *Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e))* (sic), received on December 21, 2018 (doc. 387). Based on the relevant findings and applicable law, the filing is construed as a motion, and it should be **DENIED**.

**I. BACKGROUND**

Jorge Calderon-Canas (Defendant) pleaded guilty to one count of conspiracy to distribute a schedule II controlled substance in violation of 21 U.S.C. § 846. Because Defendant had two prior Texas felony convictions for possession with intent to deliver a controlled substance that were considered to be controlled substance offenses, he was found to be a career offender under USSG § 4B1.1(b). (*See* doc. 260-1 at 10, ¶ 39, at 11, ¶¶ 44-45, at 12, ¶ 50.) On May 14, 2015, he was sentenced to 156 months' imprisonment. (*See* doc. 335.)

Defendant contends that the career offender designation was erroneous in light of *United States v. Tanksley*, 854 F.3d 284 (5th Cir. 2017), and he seek an evidentiary hearing to "assess the sentence that now presents an error." (*See* doc. 387 at 2.) He asks the Court to take judicial notice under Fed. R. Evid. 201 that there is a lack of evidence to support the career offender designation and that it "adjudicate the facts presented accordingly." (*See id.* at 3.)

## II. ANALYSIS

Rule 201 of the Federal Rules of Evidence provides that "a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Because Defendant does not seek judicial notice of a fact, Rule 201 does not apply to his request. His request for a legal determination regarding his status as a career offender challenges his sentence. The primary means of collaterally attacking a federal conviction and sentence is under 28 U.S.C. § 2255. *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). "Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).

Because Defendant already has a § 2255 motion pending in No. 3:16-CV-1764-M in which he challenges the career offender enhancement, his motion should not be construed as a motion to vacate under 28 U.S.C. § 2255. Additionally, he is represented by counsel in that case. He has "a right to represent himself or to be represented by counsel, but he has no right to a hybrid representation partly by himself and partly by counsel" in that case. *Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir. 1968). His motion should therefore not be filed in the § 2255 case.

## III. RECOMMENDATION

The motion (doc. 387) should be **DENIED**.

**SIGNED this 5th day of February, 2019.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE